**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CALVIN L. CARRINGTON, | |
|     Plaintiff, | |
| v. | |
| STATEBRIDGE COMPANY, LLC;<br>EQUIFAX INFORMATION SERVICES,<br>LLC; and TRANSUNION LLC, | Case No.   1:18-cv-05709 |
|     Defendants. | |

## COMPLAINT

NOW COMES Plaintiff, CALVIN L. CARRINGTON, by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of Defendants, STATEBRIDGE COMPANY, LLC; EQUIFAX INFORMATION SERVICES, LLC; and TRANSUNION LLC, as follows:

## NATURE OF THE ACTION

1.      This action seeks compensatory, statutory, and punitive damages, costs and reasonable attorneys' fees for Defendants' willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"); 15 U.S.C. § 1681 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337(a) under 15 U.S.C. § 1681p with respect to Plaintiff's FCRA claims.

3.      Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district.  28 U.S.C. § 1391(b)(2).

1

## PARTIES

4.    CALVIN L. CARRINGTON ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6.    Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

7.    STATEBRIDGE COMPANY, LLC ("Statebridge") is a foreign limited liability company with its principal place of business in Denver, Colorado.

8.    STATEBRIDGE is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

9.    EQUIFAX INFORMATION SERVICES LLC ("Equifax") is a foreign limited liability company with its principal place of business in Atlanta, Georgia.

10.    Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

11.    Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

12.    TRANSUNION LLC ("TransUnion") is a foreign corporation with its principal place of business in Costa Mesa, California.

13.    TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

14.    TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

15.    On March 26, 2008, Plaintiff executed a mortgage (the "Mortgage") in favor of EquiFirst Corporation.

2

16.     The Mortgage secured the purchase of property located at 15 East 146th Street, Riverdale, Illinois 60827 (the "Property").

17.     The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $117,000.00 (the "Loan").

18.     On December 1, 2014, Plaintiff defaulted on the Mortgage by failing to make monthly payments.

19.     Consequently, servicing rights to Plaintiff's Mortgage were transferred to Statebridge.

**1:16-bk-37939 In re Calvin Louis Carrington**

20.     On November 30, 2016, Plaintiff initiated a bankruptcy case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

21.     The Chapter 13 plan filed by Debtor provided for the surrender of the Property in full satisfaction of claims.

22.     Plaintiff's Chapter 13 Plan (the "Confirmed Plan") was confirmed on March 9, 2017.

23.     During the course of his chapter 13 bankruptcy case, Plaintiff made all of the required plan payments to the Trustee.

24.     Accordingly, on January 8, 2018, the bankruptcy court entered an Order of Discharge for the benefit of Plaintiff under 11 U.S.C. § 1328(a).

25.     Plaintiff's Order of Discharge by operation discharged Plaintiff from, *inter alia*, any personal liability on the indebtedness owed and secured by the Property.

**Statebridge's inaccurate furnishing of information to Equifax and TransUnion**

26.     On January 8, 2018, Plaintiff obtained a credit report from both Equifax and TransUnion.

27.     Plaintiff discovered that Statebridge wrongly reported Plaintiff's "[p]ayment status" as 30-59 days late and "[m]onthly payment" as $1,385.00.

28.     On January 9, 2018, Plaintiff mailed a dispute letter ("Dispute 1") to Equifax and TransUnion by certified mail.

29.     Plaintiff provided Equifax and TransUnion with an explanation as well as a copy of his Order of Discharge.

30.     Plaintiff requested that Equifax and TransUnion investigate and correct Statebridge's inaccurate furnishing.

31.     On information and belief, Equifax received; however, failed to respond to Plaintiff's dispute letter.

32.     On information and belief, TransUnion received; however, failed to respond to Plaintiff's dispute letter.

33.     On April 19, 2018, Plaintiff obtained a credit report from both Equifax and TransUnion.

34.     Plaintiff discovered that Statebridge wrongly reported Plaintiff's "[p]ayment status" as 30-59 days late and "[m]onthly payment" as $1,385.00.

35.     On April 25, 2018, Plaintiff mailed a dispute letter ("Dispute 2") to Equifax and TransUnion by certified mail.

36.     Plaintiff provided Equifax and TransUnion with an explanation as well as a copy of his Order of Discharge.

37.     Plaintiff requested that Equifax and TransUnion investigate and correct Statebridge's inaccurate furnishing.

38.     On information and belief, Equifax received; however, failed to respond to Plaintiff's dispute letter.

39.     On information and belief, TransUnion received; however, failed to respond to Plaintiff's dispute letter.

40.     On June 28, 2018, Plaintiff obtained a credit report from Equifax.

41.     Plaintiff discovered that Statebridge continued to inaccurately report Plaintiff's "[m]onthly payment" as $1,385.00.

| STATEBRIDGE COMPANY, | | | $0 |
|---|---|---|---|
| **Account Details** | | **Payment History** | |
| Last Reported | May 26, 2018 | Latest Status: Current | |
| Creditor Name | STATEBRIDGE COMPANY, | No payment history has been reported by this creditor. | |
| Account Type | Conventional Real Estate Mortgage | **Creditor Contact Details** | |
| Account Status | Closed - Transfer/Sold | STATEBRIDGE COMPANY, 4600 S SYRACUSE ST DENVER, CO 80237 (303) 962-6753 | |
| Opened Date | Mar 01, 2008 | | |
| Closed Date | Jul 01, 2012 | | |
| Limit | -- | | |
| Term | 360 Months | | |
| Monthly Payment | $1,385 | | |
| Responsibility | Individual Account. | | |
| Balance | $0 | | |
| Highest Balance | $117,000 | | |
| Payment Status | Current | | |
| Worst Payment Status | -- | | |
| Date of Last Payment | Jun 01, 2012 | | |
| Amount Past Due | -- | | |
| Times 30/60/90 Days Late | 0/0/0 | | |
| Remarks | -- | | |

42.     On June 28, 2018, Plaintiff obtained a credit report from TransUnion.

43.     Plaintiff discovered that Statebridge continued to inaccurately report Plaintiff's "[m]onthly payment" as $1,385.00.



**Impact of Statebridge's inaccurate furnishing of information as well as
Equifax and TransUnion's inaccurate reporting of Plaintiff's Statebridge tradeline**

44.     To date, Equifax and TransUnion's inaccurate reporting of Plaintiff's Statebridge trade line continues to paint a false and damaging picture of Plaintiff.

45.     This entire experience has imposed distrust, distress, embarrassment and frustration on Plaintiff.

46.     Indeed, Plaintiff feels helpless to regain control of his credit standing and creditworthiness.

47.     This entire experience has resulted in expenditure of considerable time, anxiety and mental anguish.

## CLAIMS FOR RELIEF

**Count I:**
**Statebridge's violation(s) of 15 U.S.C. § 1681 *et seq.***

48.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

49.    The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A.    Statebridge's failure to conduct an investigation**

50.    15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

    (A)    Conduct an investigation with respect to the disputed information;

    (B)    Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

    (C)    Report the results of the investigation to the consumer reporting agency;

    (D)    If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

    (E)    If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

        (i)    Modify that item of information;

        (ii)    Delete that item of information; or

(iii)    Permanently block the reporting of that item of information.

51.    Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), Statebridge received Plaintiff's dispute letters from Equifax and TransUnion.

52.    Statebridge violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

53.    Statebridge violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax and TransUnion.

54.    Had Statebridge conducted a reasonable investigation to determine whether the disputed information was inaccurate, Statebridge would have discovered that Plaintiff no longer owed $1,385.00 monthly as result of his discharge, and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

55.    Statebridge violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax and TransUnion.

56.    Statebridge violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

57.    15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

(A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

8

(2)    such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

58.    15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

59.    Statebridge's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.    find Statebridge in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B.    award any actual damages to Plaintiff as a result of Statebridge's violation;

C.    award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.    award any punitive damages, as the Court may allow;

E.     award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.     award such other relief as this Court deems just and proper.

### Count II
### Equifax's violation(s) of 15 U.S.C. § 1681 *et seq.*

60.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.     Equifax's failure to follow reasonable procedures**

61.     The FCRA mandates "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

62.     On multiple and numerous occasions, Equifax prepared patently inaccurate consumer reports concerning Plaintiff.

63.     Despite actual notice, Equifax sold such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

64.     Equifax violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

**B.     Equifax's failure to conduct a reasonable investigation**

65.     The FCRA mandates "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly *** the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current

status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer. 15 U.S.C. § 1681i(1)(A).

66. The FCRA further mandates "[i]f, after any reinvestigation of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall – (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer. 15 U.S.C. §§ 1681i(5)(A)(i) and (ii).

67. Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's dispute letters.

68. Equifax violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of the disputes to Statebridge before the expiration of the 5-business-day period beginning on the date on which Equifax received Plaintiff's dispute letters.

69. Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's dispute letters.

70. Equifax violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Plaintiff, or modify that item of information, as appropriate, based on the results of the reinvestigation.

71.     15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

      (A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

 (2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

72.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

73.     Equifax's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find Equifax in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), 1681i(a)(5)(A)(i), and 1681c(f).

B.     award any actual damages to Plaintiff as a result of Equifax's violation;

C.      award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.      award any punitive damages, as the Court may allow;

E.      award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.      award such other relief as this Court deems just and proper.

**Count III**
**TransUnion's violation(s) of 15 U.S.C. § 1681 *et seq.***

74.      All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.      TransUnion's failure to follow reasonable procedures**

75.      The FCRA mandates "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

76.      On multiple and numerous occasions, TransUnion prepared patently inaccurate consumer reports concerning Plaintiff.

77.      Despite actual notice, TransUnion sold such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

78.      TransUnion violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

**B.      TransUnion's failure to conduct a reasonable investigation**

13

79.     The FCRA mandates "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly *** the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer. 15 U.S.C. § 1681i(1)(A).

80.     The FCRA further mandates "[i]f, after any reinvestigation of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall – (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer. 15 U.S.C. §§ 1681i(5)(A)(i) and (ii).

81.     TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which TransUnion received Plaintiff's dispute letters.

82.     TransUnion violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of the dispute to Statebridge before the expiration of the 5-business-day period beginning on the date on which TransUnion received Plaintiff's dispute letter(s).

14

83.     TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff before the end of the 30-day period beginning on the date on which TransUnion received Plaintiff's dispute letter(s).

84.     TransUnion violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Plaintiff, or modify that item of information, as appropriate, based on the results of the reinvestigation.

85.     TransUnion violated 15 U.S.C. § 1681c(f) by failing to indicate Plaintiff's dispute(s) in each consumer report that includes the disputed information.

86.     15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

      (B)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

 (2)     such amount of punitive damages as the court may allow; and

(4)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

87.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(3)     any actual damages sustained by the consumer as a result of the failure; and

(4)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

88.     TransUnion's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.      find TransUnion in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), 1681i(a)(5)(A)(i), and 1681c(f).

B.      award any actual damages to Plaintiff as a result of TransUnion's violation;

C.      award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.      award any punitive damages, as the Court may allow;

E.      award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.      award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated August 21, 2018                                    Respectfully submitted,

                                                         */s/ Joseph Scott Davidson*

                                                         Joseph Scott Davidson
                                                         Mohammed Omar Badwan
                                                         **SULAIMAN LAW GROUP, LTD.**
                                                         2500 South Highland Avenue
                                                         Suite 200

Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Calvin L. Carrington*